**In the Matter of Robert A. ORBISON.**

No. 49S00–8707–DI–759.

Supreme Court of Indiana.

June 24, 1988.

Phillip H. Minton, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Martin E. Risacher, Staff Atty., India-

napolis, for The Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

This disciplinary action is before us on a verified complaint charging the Respondent, Robert A. Orbison, with engaging in conduct violating Disciplinary Rules 1-102(A)(5) and (6), 2-105(A), 5-101(A), 5-105(D), 7-101(A)(1) and (3), 7-102(A)(2) and (8), and 9-102(B)(1), (3) and (4) *of The Code of Professional Responsibility for Attorneys at Law.* The parties have entered into and now tender for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline where, pursuant to A.D. Rule 23, Section 11, they stipulate certain facts and agree as to the appropriate discipline.

Upon review of the Verified Complaint and the agreement, we find, as the parties have agreed, that in March of 1983, Respondent's law firm prepared a will for Florence B. Miller (Miller). The will named the Respondent as Executor and his associate, Inezellen Bales (Bales) as attorney for the Executor. The will also provided for significant specific bequests to the Respondent, Respondent's wife, and Respondent's two daughters. Prior to the preparation of the will, the Respondent did not advise Miller as to the potential conflict in such bequests nor did he encourage her to consult with independent counsel. After it was prepared, Bales took the will to Miller's home where Miller signed it.

Florence Miller died on July 18, 1984, and, on the same day, the Respondent filed a petition for probate of the will. The court appointed Respondent as the Executor and Bales as attorney for the personal representative.

Sometime later in 1984, the Respondent made partial distributions of $10,000 each to himself, his wife and two daughters without prior court approval. The Respondent did not make partial distribution to the other legatees until June of 1985. Also in 1984, Respondent paid himself Executor fees and Bales Attorney's fees without adequately accounting for these payments and without obtaining prior court approval despite the fact that local court rules and I.C. 29-1-10-13 specifically prohibited the payment of such fees without prior court order. In 1985, Respondent made partial distributions of the residuary estate in the amount of $8,396.78 to himself, his wife, and his two daughters and $5,000 each to the other nine residuary legatees. On November 7, 1985, the Respondent filed the Executor's Final Account which requested the payment of $45,000 in Executor and attorney fees for himself and his law partner.

From the foregoing findings, we conclude that the Respondent violated the *Code of Professional Responsibility* by engaging in prohibited conflict of interest. Furthermore, he made unauthorized distributions and paid Executor fees to himself and attorney fees to his law partner without obtaining prior court approval.

The parties have agreed that the appropriate sanction for the misconduct exhibited in this matter is a public reprimand. While assessing the sanction, we take note of the fact that they have also agreed that there were certain mitigating circumstances. The Respondent has been a member of the Indiana Bar since 1933 and the charge here contained is the first and only complaint. The parties further agree that the Respondent had been Miller's confidant, attorney and friend for more than 30 years; Miller had enjoyed holidays together with Respondent's family and had in all other respects been treated as a member of that family. Although he admits responsibility for the preparation of the will (which was actually done by Respondent's secretary pursuant to telephone instructions from the decedent), the Respondent was not present when the will was executed and was not aware of its contents until it was presented for probate. The Respondent further admits to the ill-advised distributions to himself and his own family, but the parties also agree that this did not deprive any of the other beneficiaries of their rightful share.

Having considered all of the foregoing findings, we now conclude that the agreement should be approved and that the Respondent should be publicly reprimanded for his misconduct. It is, therefore, ordered that the agreement of the parties is hereby approved and that the Respondent, Robert A. Orbison, is hereby reprimanded and admonished for his misconduct.

Costs of this proceeding are assessed against the Respondent.